(116 App. Div. 706)

## In re SCHMID.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

1. ADMINISTRATORS—ANCILLARY APPOINTMENT—REVOCATION OF LETTERS—
WAIVER.

Decedent dying in Germany, an administrator was appointed there, and alleged ancillary letters of administration were issued in New York to petitioner for the reduction to possession of a legacy due decedent under the will of her father, who died in that state; petitioner giving no bond. Subsequently respondent, decedent's sister, was granted letters of administration, and in an accounting proceeding, to which petitioner and respondent were parties, the legacy was awarded to her; petitioner taking no appeal from the decree. *Held* that, the legacy being the only subject of administration within the jurisdiction of the court and petitioner having waived his right to it by failing to appeal from the decree awarding it to respondent, the Supreme Court would not interfere with a decree denying petitioner's application for the revocation of respondent's letters of administration.

2. SAME—EFFECT OF PRIOR APPOINTMENT.

The appointment of an administratrix after ancillary letters of administration had been issued to another was not void, nor without jurisdiction, and could not be attacked collaterally.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 177–182.]

Appeal from Surrogate's Court, Kings County.

Application by Anton Schmid for the revocation of letters of administration issued to Johanna Ilg. From a decree denying the application, petitioner appeals. Affirmed.

See 98 N. Y. Supp. 921.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

T. D. Kenneson, for appellant.

Francis B. Mullin, for respondent.

WOODWARD, J. Just what practical result would be attained, in the event of a reversal of the decree appealed from, it is difficult to understand. The appellant does not suggest any, and in such a case the court is not called upon to be astute in discovering a technical ground for reversal. The practical question has been litigated, and the time for appeal has passed, and, unless there is something to be gained of practical value, it is hardly within the province of an appellate court to interfere with the decree of the court below. The facts are these:

Henry Streckfuss died in Kings county, leaving a last will and testament, which was duly admitted to probate in the said county on the 28th day of October, 1903. Henry Hollmann duly qualified as executor under this will. Streckfuss left a daughter, Louise Sprathoff, a resident of Germany, surviving him. This daughter took a legacy of $4,000 under the will. She died in Germany on the 23d of January, 1904. Her only next of kin were respondent, Johanna Ilg, a sister, living in the United States, and now a resident of the state of New York, and a brother, Frederick Andreas Streckfuss, living in Germany. After the death of Louise Sprathoff, and on the 14th day of February,

1904, an administrator of her estate appears to have been appointed in Germany. This administrator, one Walter John, appears to have been a lawyer, not related to any of the parties, and the appointment was made without notice to the next of kin, and he filed no security, conditions which would be necessary in the state of New York, and there is nothing before the court to show what the law of Germany is in respect to administration. Upon the basis of these German letters of administration, on the 11th day of May, 1904, the appellant, Anton Schmid, applied for and obtained from the court below alleged ancillary letters of administration for the purpose of reducing to possession the $4,000 legacy to Louise Sprathoff, who concededly owed no debts within the state of New York. On the 22d day of June, 1905, Johanna Ilg, being then a resident of Kings county, applied to the Surrogate's Court of that county for letters of administration, and such letters were duly granted, and she qualified in due form of law as such administratrix. With the records of the court below showing this state of affairs, the executor under the will of Henry Streckfuss instituted proceedings for an accounting, and both these administrators laid claim to the legacy of $4,000. The matter appears to have been fully contested, resulting in a decree, under date of August 24, 1905, awarding the fund to Johanna Ilg, as administratrix of Louise Sprathoff, and no appeal has been taken from that decree, the time for which has long since expired. After the entry of the decree above mentioned, this proceeding was brought to revoke the letters to Johanna Ilg, without taking any steps to avoid or limit the effect of the decree, on the ground of the prior letters to Anton Schmid, and upon a further ground, which appears to have been fully abandoned upon this appeal, and which it does not seem necessary to consider.

In view of the conceded facts in this case, and the provisions of section 2664 of the Code of Civil Procedure, it is evident that it would be contrary to the policy of this state to permit the legacy to Louise Sprathoff to fall into the hands of the appellant, who has not given any surety bonds for the faithful discharge of his duties, and it seems to us that the appellant, by submitting to the determination of the court below in the matter of the accounting, has waived all rights under his ancillary letters. In his petition he makes no suggestion that there is any estate within the jurisdiction of the court aside from the legacy of $4,000, and this sum having been awarded to Johanna Ilg, as administratrix of the estate of Louise Sprathoff, and the decree having become final by reason of the appellant having failed to appeal in the accounting proceeding, there is nothing to be determined in this court. The appointment of Johanna Ilg, after letters had been issued to the appellant, was not void, nor was it without jurisdiction (Power v. Speckman, 126 N. Y. 354, 356, 357, 27 N. E. 474); and the question could not have been raised by the appellant on the accounting proceeding. Power v. Speckman, supra. The appellant could not go into that proceeding and submit his rights under his ancillary letters, and then, without appealing from the decree, defeat the rights of the respondent by an independent proceeding. The surrogate had all of the necessary parties before him upon the accounting, and the decree in that proceeding must be final, until it is reversed or vacated

in some manner recognized by our laws; and as the rights of the ancillary administrator depend entirely upon the legacy within the jurisdiction of this court, and as that legacy has been judicially decreed to belong to the administratrix, there is an end of the appellant's rights under his letters, whatever those rights might have been if he had remained away from the accounting proceedings, and had asked in advance of the accounting, or contemporaneously with it, for the relief which he now seeks.

The decree appealed from should be affirmed, with costs. All concur.